PER CURIAM:
*137 Claimant brought this action for vehicle damage which occurred when his 2001 Toyota Tacoma truck struck a hazard paddle on West Run Road, designated as County Route 67/1, in Morgantown, Monongalia County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at 6:30 p.m. on September 14, 2006. County Route 67/1 is a paved, unmarked road. At the time of the incident, claimant was driving to the West Virginia University/University of Maryland football game at the stadium, and he decided to take a shortcut onto County Route 67/1. As he was proceeding at approximately five miles per hour, he noticed a vehicle traveling in the opposite direction. There was traffic in front of him and behind him, and he was forced to maneuver his vehicle closer to the right side of the road. As he steered his vehicle to his right, a sign located on the right side of the road scratched the passenger side of his truck. The sign was hanging over the edge of the road and was partly detached from its post. He could not see the sign because there were weeds blocking his view. Although claimant heard a scraping sound, he did not notice the sign until after this incident occurred. Claimant obtained several estimates for the damage to his vehicle, which range from $1,773.31 to $2,236.05 for the cost of labor, parts, and paint. Since claimant’s insurance deductible is $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 67/1. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that she is familiar with this area. She stated that County Route 67/1 is a third priority road in terms of its maintenance. The hazard board that claimant’s vehicle struck was placed in this area to warn drivers that there is a drainage pipe at the edge of the road. Ms. Westbrook testified that she did not realize that a bolt was missing from the top of the sign until after this incident occurred. She was notified of the problem when the claimant called her office on September 21, 2006.
The well-established principle of law in West Virginia is that the State is neither an insurer or a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the condition of the sign which claimant’s vehicle struck and that it presented a hazard to the traveling public. The Court finds that the claimant was unable to avoid striking the hazard paddle due to oncoming traffic at this location. Since the hazard paddle was partly detached from the post and was hanging onto the roadway, the Court finds that respondent was negligent in its maintenance of the sign. Thus, the claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.